IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LNV CORPORATION,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:12-CV-3803-L (BF)** |
| | § | |
| **BRANCH BANKING AND TRUST COMPANY**, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant's Motion to Dismiss or, in the Alternative, Motion to Transfer Venue to Florida (Doc. 5), filed on October 12, 2012, was referred to Magistrate Judge Paul Stickney, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on March 12, 2013, recommending that Defendant's Motion to Dismiss be denied and Defendant's Alternative Motion to Transfer Venue to Florida, pursuant to 28 U.S.C. § 1404(a), be granted. The magistrate judge also recommended that Plaintiff's Motion to Transfer Venue to the Eastern District of Texas, asserted in response Defendant's motion, be denied.

No objections regarding the magistrate judge's determination as to Defendant's Motion to Dismiss were asserted. Plaintiff, however, filed objections to the magistrate judge's recommendation that Defendant's Alternative Motion to Transfer Venue to Florida be granted and Plaintiff's Motion to Transfer Venue to the Eastern District of Texas be denied. Plaintiff contends that the magistrate judge erred in: (1) finding that the private interest and second public interest factors weigh in favor of transfer to the Northern District of Florida; and (2) in denying its request to transfer the case to

**Memorandum Opinion and Order – Page 1**

the Eastern District of Texas. Essentially, Plaintiff contends that the magistrate judge incorrectly applied the relevant factors and law applicable to a change of venue to the facts of this case.

Regarding the applicable standard of review, Defendant correctly notes that whereas a motion to dismiss is dispositive, a motion to transfer venue is nondispositive in nature. The court therefore applies a "clearly erroneous" standard to the magistrate judge's factual conclusions, a "contrary to law" standard to the his legal conclusions, and an "abuse of discretion" standard to the "numerous instances in which magistrate judges exercise discretion in resolving nondispositive matters." *Lahr v. Fulbright & Jaworski, LLP*, 164 F.R.D. 204, 208 (N.D. Tex. 1996). The court "has wide discretion to determine whether to transfer for the convenience of parties and in the interest of justice." *Weber v. Coney*, 642 F.2d 91, 93 (5th Cir. 1981). "An abuse of discretion exists only when there is definite and firm conviction that the [magistrate judge] committed clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Smith v. Smith*, 154 F.R.D. 661, 665 (N.D. Tex. 1994) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1293 (5th Cir. 1994)).

Having reviewed the findings and conclusions of the magistrate judge in light of Plaintiff's objections, the court determines that the magistrate judge properly reviewed and considered all of the relevant factors and facts in determining that this case should be transferred to the Northern District of Florida rather than the Eastern District of Texas. Accordingly, the court determines that the findings and conclusions of the magistrate judge are neither clearly erroneous nor contrary to law, **accepts** them as those of the court, and **overrules** Plaintiff's objections. The court therefore **denies** Plaintiff's Motion to Transfer Venue, **denies** Defendant's Motion to Dismiss, and **grants** Defendant's Alternative Motion to Transfer Venue to Florida. Pursuant to 28 U.S.C. § 1404(a), the

court hereby **transfers** this action to the Northern District of Florida. The clerk of the court **shall** effect the transfer in accordance with the usual procedure.

**It is so ordered** this 18th day of April, 2013.

Sam A. Lindsay
United States District Judge